IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

RCD ENTERPRISES, INC.,

     Plaintiff,

v.

STUBBY'S REAL PIT BAR-B-Q,
SCOTT STUBBLEFIELD, and
JOHN DOES 1-25,

     Defendants.

Case No. 16-595

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

---

RCD Enterprises, Inc. is the owner of U.S. Trademark Reg. No. 1,393,421 for the service mark STUBBY'S BBQ for restaurant and catering services, attached as Exhibit 1. Defendants are, without authority, using the virtually identical mark with full knowledge of RCD's superior federal trademark rights and federal registration. Defendants' actions constitute intentional infringement, and RCD seeks treble damages attributable to Defendants' infringement, attorneys' fees, costs, and a permanent injunction prohibiting further infringement.

## PARTIES

1.    Plaintiff RCD Enterprises, Inc. is a corporation organized and existing under the laws of Arkansas. RCD has a principal place of business at 3024 Central Avenue, Hot Springs, Arkansas and operates a restaurant under the name Stubby's BBQ, also known as Stubby's Bar-B-Que.

2.    Defendant Stubby's Real Pit Bar-B-Que is a restaurant in Clinton, Iowa (the "Iowa Stubby's") is, on information and belief, an unincorporated entity having its principal

place of business at 408 N. 2nd St., Clinton, Iowa, 52732. Iowa Stubby's had actual notice of Plaintiff's federal trademark rights.

3.      Defendant Scott Stubblefield is the principal for Defendant and is also a resident of Clinton, Iowa. Stubblefield personally committed acts of willful trademark infringement. Stubblefield had actual notice of Plaintiff's federal trademark rights.

4.      Defendants John Does 1-25 are unknown persons or joint owners of the unincorporated Defendant Iowa Stubby's and who personally committed acts of willful trademark infringement.

## JURISDICTION AND VENUE

5.      Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, in that one or more of RCD's claims arise under the laws of the United States, including 28 U.S.C. § 1338, which grants the district courts original jurisdiction over any civil action regarding federally-registered trademarks.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, in that a substantial part of the events giving rise to RCD's claims occurred in this district.

7.      Personal jurisdiction is proper in this judicial district in that Defendants reside and conduct business in the federal judicial district serving Southern Iowa.

## FACTS

8.      RCD is the owner of U.S. Trademark Reg. No. 1,393,421 for the mark "STUBBY'S BBQ" in for "restaurant and catering services." See Exhibit 1.  Such federally registered mark has been valid and subsisting since at least as early as 1984. The business has been serving patrons for nearly 60 years.

9.      RCD enjoys a very strong reputation for its quality food and is known nationally in part because of a close proximity to the nationally-acclaimed Oaklawn horse racing venue in Hot Springs, Arkansas. People from all across the country come to both Stubby's BBQ and Oaklawn.

10.     RCD also operates an Internet website to provide information about the company, including menu items, catering information, franchise availability, and location and contact information. Additionally, RCD markets its world famous barbeque sauce through its internet website.  RCD's website is located at http://www.stubbysbbq.com.

11.     Iowa Stubby's began operating business on or about July of 2015 in Clinton, Iowa.

12.     In 2016, RCD learned that Iowa Stubby's had opened a restaurant and performed investigation into the extent of Iowa Stubby's use of a virtually identical name to RCD's federally registered STUBBY'S BBQ® trademark.

13.     RCD notified Iowa Stubby's in writing via certified and first class mail of RCD's federally registered STUBBY'S BBQ® trademark. See Exhibits 2, 3, 4, and 5.

14.     Defendants nonetheless continued to operate their Iowa Stubby's.

15.     Stubblefield is a principal figure of the defendant entity and, on information and belief, authorized, approved, and initiated acts of infringement.  Accordingly, Stubblefield is personally liable for his acts of infringement.

16.     On information and belief, Defendants John Does 1-25 personally committed acts of trademark infringement by marketing restaurant services under a mark confusingly similar to RCD's STUBBY'S BBQ® trademark.  Accordingly, Defendants John Does 1-25 are personally liable for their acts of infringement.

## COUNT I
## TRADEMARK INFRINGEMENT

17.     RCD incorporates the preceding paragraphs by reference.

18.     RCD owns a valid federal trademark registration for the STUBBY'S BBQ®
trademark.

19.     Defendants use RCD's registered STUBBY'S BBQ® trademark or colorable
imitations thereof in connection with the sale, offering for sale, distribution, or advertising of
restaurant services.

20.     Defendants' use of RCD's registered STUBBY'S BBQ® trademark and/or
colorable imitations thereof is unauthorized.

21.     Defendants had actual knowledge of RCD's STUBBY'S BBQ® trademark
registration since at least as early as March 2016 and have continued to operate the restaurant in
Clinton, Iowa.

22.     Defendants' use of RCD's registered STUBBY'S BBQ® trademark and/or
colorable imitations thereof is likely to cause confusion, or to cause mistake, or to deceive, and
thus constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

23.     Defendants' infringement has caused damages to RCD in an amount yet to be
determined.  Defendants' infringement constitutes intentional, willful, and/or malicious conduct
such that an award of treble damages, attorneys' fees, and costs is proper.

24.     Further use of the STUBBY'S BBQ® trademark and/or colorable imitations
thereof by Defendants, whether in conjunction with restaurants, on the Internet, or in other
contexts, will cause irreparable harm to RCD such that permanent injunctive relief is proper.

25.     Defendants' infringement has caused damages to the goodwill and reputation
associated with RCD's registered STUBBY'S BBQ® trademark.  Accordingly, RCD seeks

injunctive relief in the form of corrective advertising designed to inform Defendants' customers and the public at large that Defendants used the STUBBY'S BBQ® trademark to market identical services without permission.  In the alternative, RCD seeks a monetary award sufficient to cover the costs of RCD's own corrective advertising campaign.

26.    RCD seeks confiscation and destruction of all infringing articles, including signage and other advertising materials, pursuant to 15 U.S.C. § 1118.

27.    RCD also seeks removal of all references to the trademark and/or colorable imitations thereof from advertising and other materials distributed by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, RCD respectfully requests that this Court grant the following relief:

A.    A permanent injunction prohibiting Defendants from using the STUBBY'S BBQ® trademark or colorable variations thereof to sell and market restaurant services pursuant to 15 U.S.C. § 1116;

B.    A permanent injunction ordering Defendants to undertake a corrective advertising campaign, approved by RCD, to mitigate the confusion caused by Defendants' infringement pursuant to 15 U.S.C. § 1116; or, in the alternative, a monetary award for the actual or estimated costs of corrective advertising;

C.    An award of damages for Defendants' profits, Plaintiff's damages, and the costs of the action pursuant to 15 U.S.C. § 1117(a);

D.    An award of three times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(a) and (b);

E.    An award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(b);

F.    A permanent injunction requiring removal of all references to STUBBY'S BBQ® from advertising materials distributed by Defendants, pursuant to 15 U.S.C. § 1116;

G.    Destruction of all infringing STUBBY'S BBQ® articles and advertising materials pursuant to 15 U.S.C. § 1118; and

H.    Any and all other relief that the Court may deem proper.

Dated:  November 14, 2016     By:     /s/Joshua J. Conely
                                             Joshua J. Conley
                                             Iowa Bar No. 29913
                                             ZARLEY LAW FIRM, P.L.C.
                                             400 Locust Street
                                             Capital Square, Suite 200
                                             Des Moines, IA 50309-2350
                                             Telephone:  (515) 558-0200
                                             Facsimile:   (515) 558-7790
                                             E-mail address:  jconley@zarleylaw.com
                                             **Attorney for Plaintiff**
                                             **RCD Enterprises, Inc.**